MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: 415 436-
Fax: 415 436-6748
Email:

Attorneys for Defendant OPM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIS ROSENFIELD, et al,<br>Plaintiffs,<br>v.<br>U.S. OFFICE OF PERSONNEL MANAGEMENT,<br>Defendant. | C 12-1647 MEJ<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** |

It is hereby stipulated by and between the undersigned Plaintiffs Alexis Rosenfield, Barbara Goodyear and Stephen Rosenfield (Plaintiffs) and the U.S. Office of Personnel Management (OPM), as follows:

WHEREAS, Plaintiffs filed the above-captioned action on April 3, 2012 pursuant to the Federal Employee Health Benefits Act, 5 U.S.C. §§ 8901 et seq., and the Administrative Procedures Act, 5 U.S.C. § 706.

WHEREAS, OPM answered on July 6, 2012 and denied any liability;

WHEREAS, Plaintiffs and OPM wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ( "Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of U.S. Office of Personnel Management or OPM.** As used in this Agreement, the U.S. Office of Personnel Management or OPM shall include its divisions, departments, successors, assigns, directors, officers, agents, employees, and representatives.

3. **Settlement Amount**. Because the exact settlement amount cannot be determined at this time, the parties have agreed to the following:

A. Methodology: Within 7 days of the date of this Stipulation, OPM will request United Health Care (UHC) to issue payment to Plaintiffs in full and final satisfaction of all claims for additional therapy sessions for which Plaintiffs seek reimbursement using the following methodology:

(i) UHC will review the date of service to determine if a claim for group or family therapy on that day has already been billed and reimbursed.

(ii) If UHC has not previously reimbursed a claim for the date of service in question, UHC will calculate the reimbursement amount as 60% of the billed charge until the catastrophic limit is met.

(iii) Once the catastrophic limit is met, UHC increased the reimbursement amount to 100% of the billed charge for the claimed date of service.

B. Form of Payment: The amount amount will be paid by UHC via paper checks made payable to Barbara Goodyear as soon as possible after final execution of this Stipulation. If Plaintiffs find the final aggregate amount of all checks to be unsatisfactory, Plaintiffs agree to return all checks to OPM within seven days of receipt. If Plaintiffs return all

checks or any check, they shall be considered to have rejected the settlement and will be obligated to return all checks.

C. Acceptance of Payment: Plaintiffs' acceptance of the checks issued by UHC shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, resulting from the subject matter of this settlement.

4. **Release**. In exchange for the promises made by OPM in this Stipulation, Plaintiffs hereby release and forever discharges OPM from any and all claims, demands, obligations, actions causes of action, damages, costs, expenses and compensation of any nature whatsoever, both legal and equitable, and whether for compensatory or punitive damages, which arise on account of the allegations contained in the action. It is understood and agreed that Plaintiffs will not pursue, either at present or in the future, any legal, equitable, administrative or any other remedy whatsoever respecting the allegations contained in the action.

5. **Dismissal of Action**. Pursuant and subject to the terms of this Stipulation and Compromise Settlement and Release, this action, including all claims which have been asserted or could have been asserted, is dismissed with prejudice. Consistent with paragraph 3 (Settlement Amount), should Plaintiffs reject the final amount tendered in settlement of the disputed claims, Plaintiffs may promptly file a motion to vacate the dismissal and reopen the case.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

9. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiffs having been apprized of the statutory language of Civil Code Section 1542 and fully understanding the same, nevertheless elects to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning Plaintiffs claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

10. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto.Settlement The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED:

Dated: ______________________

Plaintiff Alexis Rosenfield

Dated: ______________________

Plaintiff Barbara Goodyear

Dated: ______________________

Plaintiff Stephen Rosenfield

Dated: 8-30-12

MELINDA HAAG
UNITED STATES ATTORNEY

Joann M. Swanson
Assistant United States Attorney
Attorney for Defendant OPM

PURSUANT TO STIPULATION, IT IS SO ORDERED AND THIS CASE IS DISMISSED WITH PREJUDICE.

Dated: 9/5/2012

HON. MARIA-ELENA JAMES
United States District Judge

Stipulation & (Proposed) Order
Rosenfield, et al. V. OPM
C 12-1647 MEJ

5